# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| In Re:  MONA LISA AT CELEBRATION, LLC, | Case No. 6:09-bk-00458-KSJ |
| Debtor | Chapter 11 |
| _____/ | |
| LAURA BRUNO, MAURICE BYRNE, ANNE MARIE BYRNE, GRACIE HILL STAPLES, MOSUNMOLA AJOGBASILE, GREGORY OWEN, PAUL HOLDEN, JACQUELINE HOLDEN, ROBERT GARRY ORMSON, SUSAN JANET ORMSON, GILBERT H. SCOTT, BRENDA P. SCOTT, JENE NICOLE MARTINS RICHARDS and NATHANIEL DEAN RICHARDS, | Adv. Proc. No._____ |

Plaintiffs

v.

MONA LISA AT CELEBRATION, LLC, WESTCHESTER FIRE INSURANCE COMPANY, SUNTRUST BANK, and BANKFIRST,

Defendants.
_____/

## <u>COMPLAINT</u>

Plaintiffs, LAURA BRUNO, MAURICE BYRNE, ANNE MARIE BYRNE,

GRACIE HILL STAPLES, MOSUNMOLA AJOGBASILE, GREGORY OWEN, PAUL

HOLDEN, JACQUELINE HOLDEN, ROBERT GARRY ORMSON, SUSAN JANET

ORMSON, GILBERT H. SCOTT, BRENDA P. SCOTT, JENE NICOLE MARTINS

RICHARDS and NATHANIEL DEAN RICHARDS (collectively hereinafter "Plaintiffs"), by and through their undersigned counsel, file this complaint against the defendants, MONA LISA AT CELEBRATION, LLC, WESTCHESTER FIRE INSURANCE COMPANY, SUNTRUST BANK and BANKFIRST ("Defendants"), and, as grounds therefore, state as follows:

**Jurisdiction, Venue and Parties**

1.      This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1334.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The Plaintiffs are individuals who entered into contracts for the purchase of condominium units from the debtor defendant, MONA LISA AT CELEBRATION, LLC ("Mona Lisa"), and are sui juris.

4.      Defendant Mona Lisa is a Florida Limited Liability Company formed under the laws of the State of Florida having its principal place of business in Celebration, Osceola County, Florida, is a developer and seller of condominium properties located in Florida, and is the debtor in the chapter 11 bankruptcy proceeding.

5.      Defendant WESTCHESTER FIRE INSURANCE COMPANY ("Westchester") is a corporation formed under the laws of the State of New York, authorized to transact business in the State of Florida and has voluntarily appeared in the chapter 11 bankruptcy proceeding.

6.      Defendant SUNTRUST BANK ("SunTrust") is a corporation formed under the laws of the State of Georgia, authorized to transact business in the State of Florida

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

and maintains offices in Orlando, Orange County, Florida.

7.      Defendant BANKFIRST ("BankFirst") is a corporation formed under the laws of the State of South Dakota, authorized to transact business in the State of Florida and has voluntarily appeared in the chapter 11 bankruptcy proceeding.

## Factual Allegations

8.      Mona Lisa filed a chapter 11 petition for bankruptcy in this Court on January 15, 2009 (the "Petition Date").

9.      On or about September 26, 2005, plaintiff LAURA BRUNO ("Bruno") executed the Condominium Unit Purchase Contract Mona Lisa at Celebration, A Condominium Hotel ("Bruno Contract"), a copy of which is attached hereto as Exhibit 1.

10.      Pursuant to the Bruno Contract, on or about September 26, 2005, Bruno paid $40,365.00 in deposits to SunTrust to hold in escrow for the purchase of Unit 535 at the Defendant's Mona Lisa at Celebration development (the "Bruno Unit").

11.      On or about April 29, 2005, plaintiffs MAURICE BYRNE and ANNE MARIE BYRNE ("Byrne") executed the Condominium Unit Purchase Contracts Mona Lisa at Celebration, A Condominium Hotel for Unit 319 and Unit 303 ("Byrne Contract"). On May 30, 2008, Byrne executed the Addendum to Contract for Purchase and Sale of a Condominium ("Addendum"). A copy of the Byrne Contract and Addendum are attached hereto as composite Exhibit 2.

12.      Pursuant to the Byrne Contract and Addendum, on or about April 30, 2005, Byrne paid $37,500.00 and $51,000.00 for a total of $88,500.00 in deposits to SunTrust

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

to hold in escrow for the purchase of Unit 319 at the Defendant's Mona Lisa at Celebration development (the "Byrne Unit").

13.     On or about September 25, 2005, plaintiffs GRACIE HILL STAPLES and MOSUNMOLA AJOGBASILE ("Staples") executed the Condominium Unit Purchase Contract Mona Lisa at Celebration, A Condominium Hotel ("Staples Contract"), a copy of which is attached hereto as Exhibit 3.

14.     Pursuant to the Staples Contract, on or about September 25, 2005, Staples paid $52,350.00 in deposits to SunTrust to hold in escrow for the purchase of Unit 124 at the Defendant's Mona Lisa at Celebration development (the "Staples Unit").

15.     On or about September 30, 2005, plaintiff GREGORY OWEN ("Owen") executed the Condominium Unit Purchase Contract Mona Lisa at Celebration, A Condominium Hotel ("Owen Contract"), a copy of which is attached hereto as Exhibit 4.

16.     Pursuant to the Owen Contract, on or about September 30, 2005, Owen paid $44,850.00 in deposits to SunTrust to hold in escrow for the purchase of Unit 306 at the Defendant's Mona Lisa at Celebration development (the "Owen Unit").

17.     On or about October 11, 2005, plaintiffs PAUL HOLDEN and JACQUELINE HOLDEN ("Holden") executed the Condominium Unit Purchase Contract Mona Lisa at Celebration, A Condominium Hotel ("Holden Contract"), a copy of which is attached hereto as Exhibit 5.

18.     Pursuant to the Holden Contract, on or about October 11, 2005, Holden paid $64,350.00 in deposits to SunTrust to hold in escrow for the purchase of Unit 515 at the Defendant's Mona Lisa at Celebration development (the "Holden Unit").

4

19.     On or about February 27, 2006, plaintiffs ROBERT GARRY ORMSON and SUSAN JANET ORMSON ("Ormson") executed the Condominium Unit Purchase Contract Mona Lisa at Celebration, A Condominium Hotel ("Ormson Contract"), a copy of which is attached hereto as Exhibit 6.

20.     Pursuant to the Ormson Contract, on or about February 27, 2006, Ormson paid $82,800.00 in deposits to SunTrust to hold in escrow for the purchase of Unit 218 at the Defendant's Mona Lisa at Celebration development (the "Ormson Unit").

21.     On or about September 24, 2005, plaintiffs GILBERT H. SCOTT, BRENDA P. SCOTT, JENE NICOLE MARTINS RICHARDS and NATHANIEL DEAN RICHARDS ("Scott") executed the Condominium Unit Purchase Contract Mona Lisa at Celebration, A Condominium Hotel ("Scott Contract"), a copy of which is attached hereto as Exhibit 7.

22.     Pursuant to the Scott Contract, on or about September 24, 2005, Scott paid $49,850.00 in deposits to SunTrust to hold in escrow for the purchase of Unit 125 at the Defendant's Mona Lisa at Celebration development (the "Scott Unit").

23.     Effective on or before December 1, 2006, SunTrust released all of the Plaintiffs' deposit funds to Mona Lisa.

24.     Effective December 1, 2006, Westchester entered into a surety relationship with Mona Lisa pursuant to which Westchester issued a Surety Bond, Bond Number K07558922 in the amount of $5,000,000.00 ("Surety Bond"), as surety for the deposits which had been held by SunTrust.  A copy of the Surety Bond is attached hereto as Exhibit 8.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

25.     Effective December 1, 2007, Westchester issued a Rider increasing the Surety Bond amount to $6,575,000.00 ("Rider"). A copy of the Rider is attached hereto as Exhibit 9.

26.     Pursuant to the Contracts and Florida Statutes § 718.202, Mona Lisa may withdraw any portion of the Plaintiffs' deposits in excess of ten percent (10%) of the purchase price after construction of the condominium units and improvements has begun.

27.     Pursuant to the Contracts and Florida Statutes § 718.202, Mona Lisa may withdraw any portion of the Plaintiffs' deposits in excess of ten percent (10%) of the purchase price and use such funds only in the actual construction and development of the condominium units and improvements and no part of such funds may be used for salaries, commissions or expenses of salespersons or for advertising purposes.

28.     On March 23, 2006, after the Plaintiffs paid their deposits and such deposits were released to Mona Lisa, BankFirst entered into a Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing with Mona Lisa ("BankFirst Mortgage").

29.     The BankFirst Mortgage was recorded in the official records in and for Osceola County, Florida, on March 24, 2006, at official records book 3106, pages 2053 through 2093, as CL 2006081616. A copy of the BankFirst Mortgage is attached hereto as Exhibit 10.

30.     The construction and development of the condominium units and improvements were completed, and a certificate of occupancy ("Certificate of

Occupancy") for the Units was issued, on May 7, 2008. A copy of the Certificate of Occupancy is attached hereto as Exhibit 11.

31.     Mona Lisa has made use of means or instruments of transportation or communications in interstate commerce, or of the mails, in connection with the sale of the Units, including telephone, facsimile and/or the United States mail.

32.     The undersigned law firm has been retained by the Plaintiffs to represent them in this action and the Plaintiffs have agreed to pay the undersigned law firm a reasonable fee for its services and to reimburse the undersigned law firm for all costs advanced in connection with this action.

33.     All conditions precedent to the filing of this action have been performed, waived or otherwise satisfied.

## COUNT I – VIOLATION OF 15 U.S.C. § 1703 - ILSFDA

34.     Paragraphs 1 through 33, 87 through 98 and 116 through 147 are realleged as though fully set forth herein.

35.     Mona Lisa is a developer as defined by 15 U.S.C. § 1701(5) of the Interstate Land Sales Full Disclosure Act ("ILSFDA").

36.     Plaintiffs are purchasers as defined by 15 U.S.C. § 1701(10).

37.     Pursuant to 15 U.S.C. § 1702, 24 C.F.R. 1710.1(b), and 61 Fed. Reg. 13,602, ILSFDA applies to the sale of lots, including those in residential, commercial, condominium, or industrial buildings.

38.     The Condominium Unit Purchase Contracts characterize the Units as a condominium. See preamble and sections 2, 3, 4, 5, etc. of the Contracts.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

39.     ILSFDA applies to the sale of the Units.

40.     Pursuant to 15 U.S.C. § 1703, a developer is prohibited from making use of any means or instruments of transportation or communications in interstate commerce, or of the mails, in connection with the sale of any real property unless a printed property report meeting the requirements of Section 1707 of ILSFDA is furnished to a purchaser in advance of the signing of any contract or agreement for sale by the purchaser.

41.     Pursuant to 15 U.S.C. § 1702(a)(2), the provisions of ILSFDA shall not apply to the sale or lease of any improved land on which there is a residential, commercial, condominium, or industrial building, or the sale or lease of land under a contract obligating the seller or lessor to erect such building thereon within a period of two years.

42.     Mona Lisa failed to furnish a property report to the Plaintiffs as required by 15 U.S.C. § 1703.

43.     Mona Lisa failed to obligate itself in the Contracts to build the condominium within a two year period, pursuant to 15 U.S.C. § 1702(a)(2).

44.     Mona Lisa fails to qualify for any of the 15 U.S.C. § 1702 exemptions to ILSFDA compliance.

45.     ILSFDA is intended to protect the public and should be liberally construed in favor of the public.

46.     The development at issue contains in excess of 100 lots or units.

47.     Mona Lisa has violated 15 U.S.C. § 1703 by failing to furnish a property report to the Plaintiffs, by failing to provide in the Contracts an unconditional

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

commitment to the Plaintiffs to complete construction within two years, by limiting the Plaintiffs' remedies in the event of Mona Lisa's breach, by making an untrue statement of material fact, by omitting to state a material fact necessary in order to make statements made not misleading, and by failing to otherwise comply with ILSFDA or qualify for any exemption to ILSFDA compliance.

48.     ILSFDA, 15 U.S.C. § 1703(c) - (e), provides that if the property report is not furnished to the purchaser prior to the purchaser signing any contract or agreement for sale for the property at issue, the purchaser may revoke the contract and shall be entitled to all money paid under the contract, including any and all deposits paid.

49.     Plaintiffs have paid deposits totaling $423,065.00.

50.     Pursuant to 15 U.S.C. § 1709, Plaintiffs are entitled to reasonable attorneys' fees, court costs, independent appraisers' fees and travel to and from the Units.

**WHEREFORE,** Plaintiffs demand judgment against Mona Lisa for revocation of the Contracts, $423,065.00 plus other damages, together with attorney fees and costs, pre-judgment interest, costs, and such further and other relief as this Court deems just and proper.

## COUNT II – VIOLATION OF 15 U.S.C. § 77e - SECURITIES ACT OF 1933

51.     Paragraphs 1 through 33 are realleged as though fully set forth herein.

52.     The Contracts are each a security as defined by 15 U.S.C. § 77b(a)(1) of the Securities Act of 1933 (the "Act").

53.     Mona Lisa is a person as defined by 15 U.S.C. § 77b(a)(2) of the Act.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

54. Pursuant to 15 U.S.C. § 77e, unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise.

55. Mona Lisa has failed to file a registration statement as required by 15 U.S.C. § 77e.

56. Mona Lisa violated 15 U.S.C. § 77e by failing to file a registration statement.

57. The Act, 15 U.S.C. § 77l, provides that if any person offers or sells a security in violation of section 77e of this title, the person shall be liable to the person purchasing the security for the consideration paid for such security with interest thereon.

58. The Act, 15 U.S.C. § 77n, provides that any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of the Act shall be void.

59. The Act is to be liberally construed in favor of protecting the investing public.

60. The Contracts are investment contracts as defined by the Act.

61. The Contracts require the investment of money by the Plaintiffs.

62. The Contracts pertain to a common enterprise as they entail the purchase of one of 240 units to be used as part of a hotel condominium.

63. The Contracts contemplate the expectation of profits to be derived solely from the efforts of others.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

64.     The Declaration of Condominium of Mona Lisa at Celebration, A Condominium Hotel, recorded in the official records in and for Osceola County, Florida on October 26, 2007 (the "Declaration of Condominium"), and other materials provided to the Plaintiffs by Mona Lisa make clear that the Units shall be used and occupied only as a transient public lodging establishment, see section 12.1 of the Declaration of Condominium of Mona Lisa at Celebration, A Condominium Hotel.

65.     The Declaration of Condominium and other materials provided to the Plaintiffs by Mona Lisa make clear that Mona Lisa and Mona Lisa's agent shall have the exclusive right to provide hotel and/or transient rental services, including, but not limited to, advertising, solicitation and provision of guest services, linen services, cleaning services, maintenance services, housekeeping, check-in/check-out services, personal services and/or food and beverage service to the Condominium, the Hotel Room Unit Owners, Invitees and Lessees.

66.     The Plaintiffs, and other purchasers, are completely dependent on the efforts of Mona Lisa or Mona Lisa's agent to make a profit.

67.     The Plaintiffs are subject to financial loss.

**WHEREFORE**, Plaintiffs demand judgment against Mona Lisa for rescission of the Contracts, damages in the amount of $423,065.00, plus costs, interest, and such further and other relief as this Court deems just and proper.

### COUNT III – VIOLATION OF FL. ST. CHAPTER 517
### FLORIDA SECURITIES AND INVESTOR PROTECTION ACT

68.     Paragraphs 1 through 33 are realleged as though fully set forth herein.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

69.     The Contracts are each a security as defined by Florida Statutes §
517.021(21)(q) of Florida Statutes Chapter 517 (the "Florida Act").

70.     Mona Lisa is a person for purposes of the Florida Act.

71.     Mona Lisa is an issuer for purposes of the Florida Act.

72.     The Florida Act is to be given a broad and liberal interpretation to
effectuate its purpose of protecting the public.

73.     Pursuant to Florida Statutes § 517.07, unless a security is exempt or
registered, a security shall not be sold or offered for sale within the State of Florida.

74.     Pursuant to Florida Statutes § 517.07, unless a security is exempt or a
prospectus meeting the requirements of rules adopted by the commission are furnished to
the purchaser prior to each sale, a security shall not be sold or offered for sale within the
State of Florida.

75.     The Contracts are not exempt from the requirements of Florida Statutes
Chapter 517 and the burden of establishing the right to any exemption is upon Mona
Lisa.

76.     Mona Lisa failed to register the Contracts as required by Florida Statutes
Chapter 517.

77.     Mona Lisa failed to secure a permit to sell securities as required by Florida
Statutes Chapter 517.

78.     Pursuant to Florida Statutes § 517.12(1), no issuer of securities shall sell or
offer for sale any securities in or from offices in the State of Florida, by mail or

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

otherwise, unless the person has been registered with the State of Florida Office of

Financial Regulation pursuant to the Florida Act.

79.    Pursuant to Florida Statutes § 517.021(20), sale means any contract of sale

of any investment, security, or interest in a security, for value.

80.    Pursuant to Florida Statutes § 517.211, every sale made in violation of

Florida Statutes § 517.07 or 517.12(1), may be rescinded at the election of the purchaser

and each person making the sale and every director, officer, partner, or agent of or for

Mona Lisa may be held jointly and severally liable to the Plaintiffs in an action for

rescission.

81.    Mona Lisa has violated the Florida Act.

82.    The Declaration of Condominium of Mona Lisa at Celebration, A

Condominium Hotel, recorded in the official records in and for Osceola County, Florida

on October 26, 2007 (the "Declaration of Condominium"), and other materials provided

to the Plaintiffs by Mona Lisa make clear that the Units shall be used and occupied only

as a transient public lodging establishment, see section 12.1 of the Declaration of

Condominium of Mona Lisa at Celebration, A Condominium Hotel.

83.    The Declaration of Condominium and other materials provided to the

Plaintiffs by Mona Lisa make clear that Mona Lisa or Mona Lisa's agent shall have the

exclusive right to provide hotel and/or transient rental services, including, but not limited

to, advertising, solicitation and provision of guest services, linen services, cleaning

services, maintenance services, housekeeping, check-in/check-out services, personal

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

services and/or food and beverage service to the Condominium, the Hotel Room Unit Owners, Invitees and Lessees.

84.     Pursuant to Florida Statutes § 517.211(6), the Plaintiffs are entitled to an award of reasonable attorneys' fees.

85.     Pursuant to Florida Statutes § 517.241(3), the Plaintiffs are entitled to the same civil remedies provided by the United States for the purchasers of securities, including an award of interest.

**WHEREFORE**, Plaintiffs demand judgment against Mona Lisa for rescission of the Contracts, damages in the amount of $423,065.00, plus other damages, together with attorney fees and costs, pre-judgment interest, costs, and such further relief as this Court deems just and proper.

## <u>COUNT IV - VIOLATION OF FLORIDA STATUTES § 718.202</u>

86.     Paragraphs 1 through 33 are realleged as though fully set forth herein.

87.     Pursuant to Florida Statutes § 718.103(23), a residential condominium is defined as a condominium of two or more units, any of which are intended for use as a private temporary or permanent residence.

88.     The Declaration of Condominium of Mona Lisa at Celebration, A Condominium Hotel, Section 5.2 describes the condominium development as 240 units.

89.     The Department of Business and Professional Regulation Division of Florida Land Sales, Condominiums, and Mobile Homes' Final Order BPR-99-06267 (Page 7), provides that a condominium containing units which are leased or rented on a

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

transient basis are included in the definition of residential condominium as set forth in Florida Statutes § 718.103.

90.     The condominium development owned by Mona Lisa, and which contains the Units, is a residential condominium as defined by Florida Statutes § 718.103(23).

91.     Pursuant to Florida Statutes § 718.202(1), if a developer contracts to sell a condominium parcel and the construction of the property has not been substantially completed, the developer shall pay into an escrow account all payments up to 10 percent of the sale price received by the developer from the buyer towards the sale price.

92.     Pursuant to Florida Statutes § 718.202(2), all payments which are in excess of the 10 percent of the sale price described in Florida Statutes § 718.202(1), and which have been received prior to completion of construction by the developer from the buyer on a contract for purchase of a condominium parcel, shall be held in a special escrow account and may not be used by the developer prior to the closing of the transaction, except for refund to the buyer or, if the contract so provides, the developer may withdraw escrow funds in excess of 10 percent of the purchase price when construction of improvements has begun.

93.     Pursuant to Florida Statutes § 718.202(3), if the developer withdraws escrow funds in excess of 10 percent of the purchase price when construction of improvements has begun, then such funds may only be used in the actual construction and development of the condominium property in which the unit to be sold is located and no part of such funds may be used for salaries, commissions, or expenses of salespersons or for advertising purposes.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

94.     On or before December 1, 2006, Mona Lisa withdrew and/or otherwise received from the escrow account all of the Plaintiffs' deposit funds and secured the Surety Bond to secure the 10 percent of the sale price required to be retained pursuant to Florida Statutes § 718.202(1).

95.     When Mona Lisa withdrew and/or otherwise received from the escrow account all of the Plaintiffs' deposit funds, construction and development of the condominium units and improvements had not been substantially, or otherwise, completed.

96.      Pursuant to Florida Statutes § 718.202(5), Mona Lisa's failure to comply with the provisions of Florida Statutes § 718.202 renders the Contracts voidable by the Plaintiffs.

97.     Pursuant to Florida Statutes § 718.202(5), if the Plaintiffs elect to void the Contracts, all sums deposited or advanced under the Contracts shall be refunded to the Plaintiffs, with interest.

98.     Pursuant to Florida Statutes § 718.125, the Plaintiffs are entitled to an award of reasonable attorneys' fees and costs.

**WHEREFORE,** Plaintiffs demand judgment against Mona Lisa for rescission of the Contracts, declaring the Contracts voided, damages in the amount of $423,065.00, plus other damages, together with attorneys' fees and costs, pre-judgment interest, costs, and such further relief as this Court deems just and proper.

## <u>COUNT V - VIOLATION OF FLORIDA STATUTES § 718.503</u>

99.     Paragraphs 1 through 33 are realleged as though fully set forth herein.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

100.    Pursuant to Florida Statutes § 718.103(23), a residential condominium is defined as a condominium of two or more units, any of which are intended for use as a private temporary or permanent residence.

101.    The Declaration of Condominium of Mona Lisa at Celebration, A Condominium Hotel, Section 5.2 describes the condominium development as 240 units.

102.    The Department of Business and Professional Regulation Division of Florida Land Sales, Condominiums, and Mobile Homes' Final Order BPR-99-06267 (Page 7), provides that a condominium containing units which are leased or rented on a transient basis are included in the definition of residential condominium as set forth in Florida Statutes § 718.103.

103.    The condominium development owned by Mona Lisa, and which contains the Units, is a residential condominium as defined by Florida Statutes § 718.103(23).

104.    Pursuant to Florida Statutes § 718.504, every developer of a residential condominium which contains more than 20 residential units, shall prepare a prospectus or offering circular.

105.    The condominium development owned by Mona Lisa, and which contains the Units, contains more than 20 residential units.

106.    Pursuant to Florida Statutes § 718.503(1)(b), a developer must deliver to a prospective buyer the prospectus or disclosure statement with all exhibits.

107.    Mona Lisa has violated Florida Statute § 718.503 by failing to deliver a prospectus or disclosure statement with all exhibits to the Plaintiffs.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

108.    Pursuant to Florida Statutes § 718.503, a developer must deliver to a prospective buyer any amendment which materially alters or modifies the offering in a manner that is adverse to the buyer.

109.    Florida Statutes § 718.503 provides that until such time as the developer has furnished the statutorily required documents to a purchaser who has entered into a contract to purchase a residential unit, the contract may be voided and the purchaser is entitled to a refund of any deposits together with interest.

110.    Florida Statutes § 718.503 provides that once a developer has furnished the statutorily required documents to a purchaser who has entered into a contract to purchase a residential unit, the contract may be voided by the purchaser within 15 days after the date of receipt from the developer of any amendment which materially alters or modifies the offering in a manner that is adverse to the buyer.

111.    Mona Lisa failed to provide the Plaintiffs with various statutorily required documents which materially alter or modify the offering in a manner that is adverse to the Plaintiffs.

112.    Despite Plaintiffs' delivery of timely, written notice to Mona Lisa of the Plaintiffs' intention to cancel, Mona Lisa has refused to acknowledge that the Contracts are voided and has refused to authorize the release and return to the Plaintiffs of Plaintiffs' deposit money totaling $423,065.00.

113.    Plaintiffs have paid deposits totaling $423,065.00.

114.    Pursuant to Florida Statutes § 718.125, the Plaintiffs are entitled to an award of reasonable attorney fees and costs.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

**WHEREFORE,** Plaintiffs demand judgment against Mona Lisa for rescission of the Contracts, damages in the amount of $423,065.00, plus other damages, together with attorney fees and costs, pre-judgment interest, costs, and such further relief as this Court deems just and proper.

## COUNT VI – VIOLATION OF FLORIDA STATUTES § 718.506

115.    Paragraphs 1 through 33, 87 through 98 and 100 through 114 are realleged as though fully set forth herein.

116.    Prior to the Plaintiffs signing the Contracts, Mona Lisa published and provided to the Plaintiffs information that the square footage of the units would be 1,269 square feet for a Da Vinci corner balcony suite 2 bedroom exterior suite, 1,205 square feet for a Monet corner balcony suite 2 bedroom interior suite, 1,128 square feet for a Da Vinci 2 bedroom exterior suite, 1,067 square feet for a Monet 2 bedroom interior suite, 754 square feet for a Michelangelo 1 bedroom exterior suite, and 714 square feet for a Raphael 1 bedroom interior suite and that the Units would be fully furnished, feature nine foot ceilings, feature a full kitchen with premium finishes, feature luxurious baths, and feature high-speed internet connections as reflected in advertising material, brochures, the Prospectus for Mona Lisa at Celebration, a Condominium Hotel, the Declaration of Condominium of Mona Lisa at Celebration, a Condominium Hotel, and other materials provided to the Plaintiffs by Mona Lisa.

117.    The square footage and features of the Units are material statements or information because they go to the very essence of a condominium unit, which entails the purchase of the right to exclusively occupy a certain area within the condominium

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

building and does not include the exclusive ownership of any land associated with the condominium building.

118.    At the time that Mona Lisa provided the information, it knew, or should have known, that the actual Units square footage and features would be significantly less than as represented.

119.    The Plaintiffs reasonably relied upon the material statement or information regarding the Units square footage and features and, in reliance thereupon, paid deposits and entered into the Contracts to purchase the Units.

120.    The Units square footage and features representations made by Mona Lisa to the Plaintiffs were false and misleading because the actual Units square footage and features were less than represented by Mona Lisa.

121.    Prior to the Plaintiffs signing the Contracts, the Defendant published and provided to the Plaintiffs information regarding various aspects of the condominium building and Units as reflected in the advertising material, brochures, the Prospectus for Mona Lisa at Celebration, a Condominium Hotel, the Declaration of Condominium of Mona Lisa at Celebration, a Condominium Hotel, and other materials provided to the Plaintiffs by Mona Lisa.

122.    The referenced representations and information include, but are not limited to, the following.

123.    The building housing the Units would be part of a development totaling three buildings (the "Development").

124.    The Development housing the Units would include a rooftop observation

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

deck of nearly 2,000 square feet, with outdoor furniture and seating.

125.    The Development housing the Units would include an on-site, high-end restaurant and bar with over 6,000 square feet and additional outdoor patio seating in the courtyard.

126.    The Development housing the Units would include over 3,000 square feet of reception and meeting space.

127.    The Condominium Owners Association ("COA") fees for the Units would range from $336.00 to $560.00 per month, depending on the square footage of the Units.

128.    The COA fees for the Units would cover the day-to-day maintenance of the hotel, systems and common areas; reserves for capital expenditures related to the repair and replacement of major structural items, systems and COA-owned furniture and fixtures; on-going property expenses including utilities, insurance, advertising and common area property taxes; and COA management fees.

129.    The COA fees for the Units would also cover the utilities for the Units so that each Unit owner would not incur an additional expense for this item.

130.    The Units would be furnished with all appliances, furniture, and decorative items to be selected by Mona Lisa.

131.    The Hotel Amenities Unit fees for the Units would range from $24.00 to $41.00 per month, depending on the square footage of the Units.

132.    The Hotel Amenities Unit fees for the Units would cover each Unit owner's pro rata share of the Hotel Amenities Unit's portion of the common expenses included in the COA fees.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

133.    The Development would include a round heated swimming pool, approximately 100 feet in diameter, with depths varying from wade-in depth to approximately five (5) feet.

134.    The Development would include, surrounding the swimming pool, approximately twenty-three thousand five hundred (23,500) square feet of decking that would accommodate approximately one hundred fifty (150) people.

135.    The Development would include, in the center of the swimming pool, an island containing a whirlpool spa.

136.    The Development would include, adjacent to the swimming pool, common restrooms.

137.    The Development would include, in the swimming pool area, no less than seventy-five (75) lounge chairs, ten (10) outdoor table/chair sets with umbrellas, and four (4) benches, with a minimum expenditure of $10,000.00 by Mona Lisa for these items.

138.    The referenced matters are material statements or information because they pertain to the Plaintiffs' financial, ownership, use and other rights and obligations upon closing on the purchase of the Units.

139.    At the time that Mona Lisa provided the information, it knew, or should have known, that the information was false and would be changed as reflected in the amendments and changes made by Mona Lisa in the Declaration of Condominium of Mona Lisa at Celebration, a Condominium Hotel recorded on October 26, 2007, in the Osceola County, Florida, Official Records at Book 03585 Page 0612 through 0723, other materials provided to the Plaintiffs by Mona Lisa and the final "as built" condition,

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

facilities and amenities.

140.    The Plaintiffs reasonably relied upon the material statement or information regarding the Units square footage, building amenities square footage and capacity, use rights and other representations and, in reliance thereupon, paid deposits and entered into the Contracts to purchase the Units.

141.    At the time that Mona Lisa provided the information regarding the Units square footage, building amenities square footage and capacity, use rights and other representations, it knew, or should have known, that the actual square footage and capacity, use rights and other representations were materially and adversely different.

142.    The Plaintiffs reasonably relied upon the material statement or information regarding the Units square footage, building amenities square footage and capacity, use rights and other representations and, in reliance thereupon, paid deposits and entered into the Contracts to purchase the Units.

143.    The Units square footage, building amenities square footage and capacity, use rights and other representations made by Mona Lisa to the Plaintiffs were false and misleading because the actual square footage, capacity, use rights and other information represented by Mona Lisa were materially and adversely different.

144.    Pursuant to Florida Statutes § 718.506, any person who, in reasonable reliance upon any material statement or information that is false or misleading and published by or under authority from the developer in advertising and promotional materials, including, but not limited to, a prospectus, the items required as exhibits to a prospectus, brochures, and newspaper advertising, pays anything of value toward the

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

purchase of a condominium parcel located in this state shall have a cause of action to rescind the contract or collect damages from the developer for his or her loss prior to the closing of the transaction.

145. Pursuant to Florida Statutes § 718.506(2), the Plaintiffs are entitled to an award of reasonable attorney fees and costs.

146. Section 25 of the Contracts provides that if either party to the Contracts institutes legal proceedings in connection with the Contracts, then the prevailing party shall be entitled to recover costs of suit along with reasonable attorneys' fees.

147. Plaintiffs have paid deposits totaling $423,065.00.

**WHEREFORE,** Plaintiffs demand judgment against Mona Lisa for rescission of the Contracts, damages in the amount of $423,065.00, plus other damages, together with attorney fees and costs, pre-judgment interest, costs, and such further relief as this Court deems just and proper.

## COUNT VII – VIOLATION OF FLORIDA STATUTES § 501.201 ET SEQ

148. Paragraphs 1 through 147 are realleged as though fully set forth herein.

149. This count is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes § 501.201 et seq ("FDUTPA").

150. Pursuant to Florida Statutes § 501.202, FDUTPA is to be construed liberally to, inter alia, promote the policies of simplifying, clarifying and modernizing the law governing consumer protection, unfair methods of competition, and unconscionable, deceptive, and unfair trade practices, as well as to protect the consuming public and to make state consumer protection and enforcement consistent with established policies of

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

federal law relating to consumer protection.

151. Pursuant to Florida Statutes § 501.203(3)(c), a violation of any law, statute, rule, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices is a per se violation of FDUTPA.

152. As set forth in *Trotta v. Lighthouse Point Land Company, LLC*, 551 F. Supp. 2d 1359, 1367 (S.D. Fla. 2008), a violation of ILSFDA is a per se violation of FDUTPA.

153. Because Mona Lisa has violated ILSFDA, it has violated FDUTPA.

154. The Securities Act of 1933, similar to ILSFDA, was enacted by the United States legislature to protect the public, as such, a violation of the Securities Act of 1933 is a per se violation of FDUTPA.

155. Because Mona Lisa has violated the Securities Act of 1933, it has violated FDUTPA.

156. Florida Statutes Chapter 517 was enacted by the Florida legislature to protect the public, and as such, a violation of Florida Statutes Chapter 517 is a per se violation of FDUTPA.

157. As Mona Lisa has violated Florida Statutes Chapter 517, it has violated FDUTPA.

158. As set forth in *Asbury Arms Development Corporation v. Florida Department of Business Regulations, Division of Florida Land Sales and Condominiums*, 456 So. 2d 1291, 1293 (Fla. 2d DCA 1984), the Florida legislature enacted Florida Statutes Chapter 718 to protect the public, as such a violation of Florida Statutes Chapter

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

718, and specifically Florida Statutes §§ 718.202, 718.503 or 718.506, is a per se violation of FDUTPA.

159.     As Mona Lisa has violated Florida Statutes Chapter 718, it has violated FDUTPA.

160.     Pursuant to Florida Statutes § 501.211(1), without regard to any other remedy or relief to which the Plaintiffs are entitled, the Plaintiffs may bring an action to enjoin Mona Lisa from violating FDUTPA.

161.     Pursuant to FDUTPA, the Plaintiffs are entitled to equitable relief in the form of rescission of the Contracts and enjoinment of Mona Lisa from enforcing any terms of the Contracts.

162.     Pursuant to FDUTPA, the Plaintiffs are entitled to a declaratory judgment that Mona Lisa has violated FDUTPA and that Mona Lisa's failure to comply with ILSFDA, the Securities Act of 1993, and Florida Statutes Chapters 517 and 718 constitute violations of FDUTPA.

163.     Pursuant to Florida Statutes § 501.211(2), the Plaintiffs are entitled to recover from Mona Lisa their actual damages plus attorney's fees and court costs.

**WHEREFORE,** Plaintiffs demand judgment against Mona Lisa for rescission of the Contracts, damages in the amount of $423,065.00, plus other damages, together with attorney fees and costs, pre-judgment interest, costs, and such further relief as this Court deems just and proper.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

## COUNT VIII – BREACH OF CONTRACT

164.    Paragraphs 1 through 33, 87 through 98 and 100 through 114 are realleged as though fully set forth herein.

165.    Plaintiffs and Mona Lisa entered into the Contracts, which are attached hereto.

166.    Section 27(g) of the Contracts provides that Plaintiffs may void and cancel the Contracts within 15 days after the date of execution of the Contracts and receipt by the Plaintiffs of all of the items required to be delivered to Plaintiffs by Mona Lisa under Florida Statutes § 718.503.

167.    Section 27(g) of the Contracts provides that Plaintiffs may void and cancel the Contracts within 15 days after the date of receipt from Mona Lisa of any amendments which materially alter or modify the offering in a manner that is adverse to the Plaintiffs.

168.    Mona Lisa materially breached the Contracts, thereby excusing any further performance by the Plaintiffs, by failing to provide the items required to be delivered to Plaintiffs by Mona Lisa under Florida Statutes § 718.503 and/or failing to deliver to Plaintiffs amendments which materially alter or modify the offering in a manner that is adverse to the Plaintiffs, including, but not limited to, the Declaration of Condominium of Mona Lisa at Celebration, A Condominium Hotel and all amendments and modification thereto.

169.    Mona Lisa materially breached the Contracts, thereby excusing any further performance by the Plaintiffs, by failing to complete the Units on or before each Contract's Estimated Closing Date.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

170.     Should the Contracts be deemed to contain a commitment to complete construction within two years of the signing date, then Mona Lisa has breached the Contracts by failing to timely obtain a certificate of occupancy for or covering the Units from the appropriate government agency.

171.     Mona Lisa materially breached the Contracts by failing to comply with its obligations under the Contracts, which were conditions precedent to the Plaintiffs' obligation to close on the purchase of the Units.

172.     The Plaintiffs executed the Contracts more than two years before May 7, 2008, the date that the Units were completed as evidenced by the issuance of the Certificate of Occupancy.

173.     Mona Lisa materially breached the Contracts by failing to complete the Units on or before the dates that are two years after the dates that the Contracts were each signed by the Plaintiffs.

174.     Section 13 of the Contracts provides that if Mona Lisa defaults under any of the provisions of the Contracts, then the Plaintiffs have the right to a full refund of all deposits and moneys paid by the Plaintiffs together with any accrued interest thereon, if any.

175.     Section 25 of the Contracts provides that in connection with any litigation arising out of or pertaining to the Contracts, the prevailing party shall be entitled to recover reasonable attorneys' fees, paralegal fees and costs (including on appeal) from the non-prevailing party.

176.     Plaintiffs have paid deposits totaling $423,065.00.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

**WHEREFORE,** Plaintiffs demand judgment against Mona Lisa for damages in the amount of $423,065.00, plus other damages, together with attorney fees and costs, pre-judgment interest, costs, and such further relief as this Court deems just and proper. The Plaintiffs reserve the right to amend and/or add additional breach of contract claims.

## COUNT IX – EQUITABLE LIEN

177.    Paragraphs 1 through 176 are realleged as though fully set forth herein.

178.    Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law. *Butner v. United States*, 440 U.S. 48 (1979)

179.    Pursuant to 11 U.S.C. § 541(d), the bankruptcy estate cannot succeed to a greater interest in property than Mona Lisa held prior to the bankruptcy.

180.    The Plaintiffs are entitled to recover their entire deposits paid, plus attorneys fees, costs and interest, pursuant to the Contracts.

181.    None of the Plaintiffs have closed on any of the sales contemplated by the Contracts.

182.    The Plaintiffs paid the deposits prior to March 2006.

183.    The Plaintiffs' deposits were released to Mona Lisa and utilized for costs related directly to the construction of the building housing the Units.

184.    BankFirst was aware of and had actual notice of the deposits paid by the Plaintiffs.

185.    BankFirst had constructive notice of the deposits paid by the Plaintiffs.

186.    BankFirst conditioned its loan to Mona Lisa on the payment of deposits by the Plaintiffs and other purchasers.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

187.    The BankFirst Mortgage loan proceeds were paid to Mona Lisa after the Plaintiffs' deposits were released to Mona Lisa.

188.    The BankFirst Mortgage was made after the Plaintiffs' deposits were released to Mona Lisa.

189.    The BankFirst Mortgage was recorded in the official records on or after March 24, 2006.

190.    The Plaintiffs are entitled to an equitable lien on the real property and improvements to the real property owned by Mona Lisa, including that described in Exhibit 10.

191.    The BankFirst Mortgage, and any subsequent BankFirst mortgage or other interest, is inferior to the equitable lien of the Plaintiffs.

192.    It would be unjust and inequitable to allow the BankFirst Mortgage to be superior to the pre-BankFirst Mortgage paid and disbursed Plaintiffs' deposit funds, which were used in the actual development and construction of the building housing the Units.

**WHEREFORE,** Plaintiffs demand judgment against BankFirst finding and adjudicating that the Plaintiffs hold an equitable lien on the real property owned by Mona Lisa in the amount of $423,065.00, plus other damages, together with attorney fees and costs, pre-judgment interest, costs, which is superior to the BankFirst Mortgage and any other BankFirst mortgage or lien interest, and granting the Plaintiffs such further relief as this Court deems just and proper.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

## COUNT X - DECLARATORY RELIEF

193.    Paragraphs 1 through 192 are realleged as though fully set forth herein.

194.    This count is brought pursuant to Florida Statutes Chapter 86 – Declaratory Judgments.

195.    Pursuant to the Contracts, SunTrust Bank, as escrow agent, was to hold the Plaintiffs' deposits totaling $423,065.00.

196.    For the multiple reasons set forth in the above counts, the Plaintiffs maintain that they are entitled to, among other relief, the immediate return of all funds deposited with SunTrust Bank on their behalf and/or in connection with the Contracts.

197.    Pursuant to the Surety Bond and Rider, Westchester is contractually obligated for at least the initial ten percent (10%) of the purchase price paid in deposits by the Plaintiffs pursuant to the Contracts.

198.    The Plaintiffs' deposits paid pursuant to the Contracts are not property of the bankruptcy estate or Mona Lisa.

199.    Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law. *Butner v. United States*, 440 U.S. 48 (1979)

200.    Pursuant to 11 U.S.C. § 541(d), the bankruptcy estate cannot succeed to a greater interest in property than Mona Lisa held prior to the bankruptcy.

201.    Under Florida law legal title to the Plaintiffs' deposits paid pursuant to the Contracts remains with the Plaintiffs until closing on the purchase of the Units.

202.    The Plaintiffs are entitled to recover their entire deposits paid, plus attorneys fees, costs and interest, pursuant to the Contracts.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

203.    At a minimum, the initial ten percent (10%) of the purchase price paid in deposits by the Plaintiffs pursuant to the Contracts and secured by the Westchester Surety Bond is property of the Plaintiffs, and not Mona Lisa or the bankruptcy estate, and could not be released until the closing of each sale contemplated by the Contracts.

204.    None of the Plaintiffs have closed on any of the sales contemplated by the Contracts.

205.    The Plaintiffs paid the deposits prior to March 2006.

206.    The Plaintiffs' deposits were released to Mona Lisa and utilized for costs related directly to the construction of the building housing the Units.

207.    BankFirst was aware of and had actual notice of the deposits paid by the Plaintiffs.

208.    BankFirst had constructive notice of the deposits paid by the Plaintiffs.

209.    BankFirst conditioned its loan to Mona Lisa on the payment of deposits by the Plaintiffs and other purchasers.

210.    The BankFirst Mortgage loan proceeds were paid to Mona Lisa after the Plaintiffs' deposits were released to Mona Lisa.

211.    The BankFirst Mortgage was made after the Plaintiffs' deposits were released to Mona Lisa.

212.    The BankFirst Mortgage was recorded in the official records on or after March 24, 2006.

213.    The Plaintiffs are entitled to an equitable lien on the real property and improvements to the real property owned by Mona Lisa.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

214.   The BankFirst Mortgage, and any subsequent BankFirst mortgage or other interest, is inferior to the equitable lien of the Plaintiffs.

**WHEREFORE**, Plaintiffs demand a declaratory judgment as follows:

1)  SunTrust Bank is liable for, and shall pay over to the Plaintiffs, any of the Plaintiffs' deposits paid pursuant to the Contracts;

2)  Westchester is liable for, and shall pay over to the Plaintiffs, the Plaintiffs' deposits paid pursuant to the Contracts in an amount of no less than ten percent (10%) of the purchase price for each of the Contracts;

3)  the Plaintiffs' deposits paid pursuant to the Contracts are the property of the Plaintiffs and not Mona Lisa or the bankruptcy estate;

4)  at a minimum, the 10 percent (10%) of the purchase price portion of the Plaintiffs' deposits paid pursuant to the Contracts, which are secured by the Westchester Surety Bond and Rider, are the property of the Plaintiffs and not Mona Lisa or the bankruptcy estate;

5)  the BankFirst Mortgage is inferior to the equitable lien of the Plaintiffs for, at a minimum, the full amount of the deposits paid by the Plaintiffs pursuant to the Contracts;

6)  FirstBank holds a mortgage lien or mortgage liens, if any, that is inferior to the equitable lien of the Plaintiffs for, at a minimum, the full amount of the deposits paid by the Plaintiffs pursuant to the Contracts; and

7)  Plaintiffs are entitled to the immediate return of their full deposits plus any interest accrued on said amount, plus attorney fees, costs, interest, and any other relief this Court may deem just and proper.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

Respectfully submitted,

s/ John L. Urban_____
John L. Urban, Esq.
Fla. Bar No. 0175307
Attorney for Plaintiffs
**URBAN THIER FEDERER &
JACKSON, P.A.**
200 S. Orange Avenue, Suite 2025
Orlando, Florida  32801
Tel.    407-245-8352
Fax.    407-245-8361
Email:  urban@urbanthier.com